# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW YORK SOUTHERN DISTRICT

| | |
|---|---|
| DAVID MOSS | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) |
| EXPERIAN INFORMATION SOLUTIONS, Inc. | ) **COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF, AND OTHER RELIEF** |
| BRIAN CASSIN PERSONALLY, AND IN HIS OFFICAL CAPSISTY AS CEO EXPERIAN INFORMATION SOLUTIONS | ) |
| NYC CHILD SUPPORTENFORCEMENT AGENCY | ) |
| Defendant(s) | ) |

Now come plaintiff David Moss byway of prose and states the following.

**Preliminary Statement**

1. This is an action for damages brought by an individual consumer against Experian Information Solutions, Inc. et al. and Child Support Enforcement Administration (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended.

**The Parties**

1. Plaintiff is an adult individual residing in Elmont, New York.

2. Defendant, Experian Information Solutions, Inc. et al. ("Experian") is a business entity that regularly conducts business in the District of New York, and which has a principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626. Defendant, Child Support Enforcement Administration is a business entity that regularly conducts business in the District of New York which has a principal place of business located at 151 W Broadway, New York, NY 10013

**JURISDICTION & VENUE**

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**Factual Allegations**

5. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

6. The inaccurate information includes, but is not limited to, a child support account with an erroneous arrears, posted as a tradeline on plaintiff's credit report since 1998. Plaintiff has/had no knowledge of any child support order, plaintiff was never served with a child support order, plaintiff was never served notice to appear, plaintiff did not sign and acknowledgment of paternity, plaintiff is not the father of the child in this matter.

7. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The

inaccurate information consists of account(s) and/or tradelines that do not belong to the Plaintiff.

8. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

9. Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Experian's established procedures for disputing consumer credit information.

10. Plaintiff has disputed the inaccurate information with Experian from March 2000 through the present.

11. Notwithstanding Plaintiff's efforts, Experian has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Experian has repeatedly published and disseminated consumer reports to such third parties from at least March 2000 through the present.

12. Despite Plaintiff's efforts, Experian never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

13. Notwithstanding Plaintiff's disputes, Child Support Enforcement Administration has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agency concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

14. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

15. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

16. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

17. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**COUNT I**
**EXPERIAN**
**VIOLATIONS OF THE FCRA**

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

20. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned credit report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

23. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT II
CHILD SUPPORT ENFORCEMENT ADMINISTRATION
VIOLATIONS OF THE FCRA**

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. At all times pertinent hereto Child Support Enforcement Administration was a "person" as that term defined by 15 U.S.C. § 1681a(b).

26. Child Support Enforcement Administration violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

27. Child Support Enforcement Administration's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Child Support Enforcement Administration is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**COUNT 3
EXPERIAN
VIOLATIONS OF THE FCRA
REPORTING OLD OR INACCURATE CREDIT IFORMATION BEYOND
ALLOWABLE TIME FRAMS
All DEFENDANTS**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

30. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

31. At all times pertinent hereto, the above-mentioned credit report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

32. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

33. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

a. Actual damages.

b. Statutory damages.

c. Punitive damages.

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

e. Such other and further relief as may be necessary, just, and proper.

**JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

*/s/David Moss*

Respectfully Submitted,
David Moss ProSe