UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MOSS,

                    Plaintiff,

          -against-

EXPERIAN INFORMATION SOLUTIONS,
INC.; BRIAN CASSIN, personally, and in his
official capacity as CEO Experian Information
Solutions; NYC CHILD SUPPORT
ENFORCEMENT AGENCY,

                    Defendants.

1:24-CV-1133 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff David Moss, who alleges in his complaint that he resides in Elmont, Nassau

County, New York (ECF 1, at 2),[1] filed this *pro se* action asserting claims under the Fair Credit

Reporting Act. He sues: (1) Experian Information Solutions, Inc. ("Experian"); (2) Brain Cassin,

the Chief Executive Officer of Experian; and (3) the "NYC Child Support Enforcement Agency,"

which the Court understands to be the City of New York. The claims in Plaintiff's complaint

arise from allegations that the defendants "have been reporting derogatory and inaccurate

statements and information relating to Plaintiff and Plaintiff's credit history to third parties,"

specifically, "inaccurate information [that] includes, but is not limited to, a child support account

with an erroneous arrears, posted as a tradeline on [P]laintiff's credit report since 1998." (*Id.*) For

the following reasons, the Court transfers this action to the United States District Court for the

Eastern District of New York.

---

[1] Plaintiff's mailing address is, however, located in Vancouver, Washington. (ECF 3, at 2;
ECF 4; ECF 5, at 2.)

## DISCUSSION

Under the applicable venue provision for Plaintiff's claims, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2). As to a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

Plaintiff does not indicate where Defendant Cassin resides. The City of New York, a municipal corporation, however, resides within this judicial district and, like Plaintiff, within the Eastern District of New York.[2] Experian, which Plaintiff alleges is also a corporation as well as a

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City

credit reporting agency, would seem to reside, for venue purposes, within this judicial district, the Eastern District of New York, and within every other federal judicial district. *See* § 1391(c)(2), (d).

Because Plaintiff does not allege where Defendant Cassin resides, however, it is unclear whether, under Section 1391(b)(1), this court is a proper venue for this action. Yet, even if, under Section 1391(b)(1), this court were a proper venue, because it appears that the events that are the basis for Plaintiff's claims occurred where Plaintiff alleges that he resides, in Elmont, Nassau County, New York, under Section 1391(b)(2), the Eastern District of New York is also a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

---

Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

Under Section 1404(a), transfer to the Eastern District of New York is appropriate for this action. Plaintiff seems to allege that the underlying events occurred in Nassau County, in the Eastern District of New York. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[3] The Court also defers to the transferee court as to whether to grant Plaintiff's motion for permission for electronic case filing; the Court directs the Clerk of Court to terminate that motion in this court. (ECF 5.) Summonses shall not issue from this court. This order closes this action in this court.

---

[3] Plaintiff has not signed his *in forma pauperis* ("IFP") application. (ECF 3.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 28, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge